**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JEFFREY SIMMONS**                                                                      **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:07cv177KS-MTP**

**EAGLE SUPPORT SERVICES CORPORATION**                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion for Judgment on the Pleadings or for Summary Judgment **[#11]** filed on behalf of the defendant.  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

Eagle Support Services Corporation (Eagle) provides maintenance and logistical support services to U.S. military installations throughout the United States, including Camp Shelby in Mississippi.  The plaintiff was employed by the defendant at Camp Shelby from January 12, 2005, until his termination on June 22, 2006.  The plaintiff contends that during the course of his employment, he was physically and verbally assaulted by co-employees and others at work who "bound him to a chair," and performed "simulated sex acts" upon him.  As a result of these incidents, the plaintiff

has brought the instant action asserting claims against his former Supervisor, Duane
Johnson, for assault and for intentional infliction of emotional distress and contending
that the actions of Johnson should be imputed to Eagle.  The plaintiff also asserts that
the offensive conduct occurred because of the "negligent failure of the Defendant to
place into effect and enforce effective policies to prevent such conduct from occurring in
its workplace."  In response to a motion to dismiss filed on behalf of Duane Johnson,
the plaintiff and defendant entered an agreed Stipulation of Dismissal with prejudice of
Johnson.  Therefore, the only claims that remain are the ones asserted against Eagle.


## STANDARD OF REVIEW

Eagle has moved for dismissal under Rule 12(c) and alternatively for summary
judgment under Rule 56.  The standard of review is the same under 12(c) as under
Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004).  In ruling on a 12(b)(6)
motion, the court may not go outside the pleadings, specifically the complaint in this
case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately
stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND
PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We
accept all well-pleaded facts as true and view them in the light most favorable to the
plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which would entitle him to
relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal

footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th

Cir. 1994).  Of course, if any matters outside the pleadings are considered, the motion

is converted to one for summary judgment.

> Regarding such conversion, Rule 12(b) provides specifically;
>
> If, on a motion asserting the defense numbered (6) to dismiss for failure of
> the pleading to state a claim upon which relief can be granted, matters
> outside the pleading are presented to and not excluded by the court, the
> motion shall be treated as one for summary judgment and disposed of as
> provided in Rule 56, and all parties shall be given reasonable opportunity
> to present all material made pertinent to such a motion by Rule 56.

Thus, "The element that triggers the conversion is a challenge to the sufficiency

of the pleader's claim supported by extra-pleading material.  It is not relevant how the

defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL

PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).  Further, as the Fifth

Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of
> the complaint must be considered is by way of motion for summary
> judgment.  In that event, even if a motion to dismiss has been filed, the
> court must convert it into a summary judgment proceeding and afford the
> plaintiff a reasonable opportunity to present all material made pertinent to
> a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of
> Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER,
> FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co*., 611 F.2d 570, 573 (5th Cir. 1980).  On a 12(b)(6) motion, of

course the court must view all well-pleaded facts as true and in the light most favorable

to the non-moving party.  However, "once the proceeding becomes one for summary

judgment, the moving party's burden changes and he is obliged to demonstrate that

there exists no genuine issue as to any material fact and that he is entitled to judgment

as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

PROCEDURE: Civil 2d § 1366 at 506 (1990).

Since the parties have provided extra-pleading materials, including competing affidavits, the motion will be reviewed as one for summary judgment under Rule 56. The standard of review for motions for summary judgment as oft quoted by the court is as follows:

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue,

therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).


## ANALYSIS

The defendant's primary argument is that if the plaintiff was indeed injured, such is compensable under the Mississippi Workers Compensation Act (MWCA), and that his exclusive remedy is the insurance coverage provided by the defendant thereunder.

*See* Miss. Code Ann. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . .").

The purpose of the Mississippi Workers' Compensation Act is to provide compensation to an injured employee without regard to fault. If a person is injured in the course and scope of his employment, his medical expenses and a portion of his wages will be paid. In exchange for this certainty of medical and limited wage payment, the employee has given up the right to proceed at common law with a tort action. Conversely, in exchange for payment of the above sums, the employer gains immunity from the tort suit. Thus, the court must determine if the injuries allegedly suffered by the plaintiff are compensable under the MWCA, and if so, is he bound by the exclusivity provisions thereof?

The plaintiff's first response is that the defendant did not provide workers' compensation coverage as required by the statute. This argument is without merit. The plaintiff confuses a reading of Part Two of the policy entitled "Employers Liability Insurance" with Part One entitled "Workers Compensation Insurance." Clearly, by the very terms of the policy, the defendant had the statutorily required workers compensation coverage.

Next, to determine if the alleged injuries of the plaintiff are compensable and subject to the exclusivity provisions of the Act, the court must examine the Act's provisions. Under § 71-3-7 of the MWCA, an employer is liable to pay compensation for the disability or "death of an employee from injury ... arising out of and in the course of [his] employment, without regard to the fault as to the cause of the injury. . .." According to § 71-3-3,

(b) "Injury" means accidental injury . . . arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner. Untoward event includes events causing unexpected results.

. . .

This definition . . . also includes an injury caused by the willful act of a third person directed against an employee because of his employment while so employed and working on the job[.]

Prior to 1984, the Mississippi Supreme Court relied on a presumption that a willful assault by a co-worker was "accidental" in order to conclude that coverage for such injuries were compensable under the MWCA. *See  Mutual Implement & Hardware Ins. Co. et al. v. Pittman,* 214 Miss. 823, 59 So.2d 547 (1952).  In 1984, that court decided *Miller v. McRae's, Inc.*, 444 So2d 368 (Miss. 1984), and concluded that a claim for damages resulting from false imprisonment arose not from an accident but from a willful act, making it necessary to determine whether such an intentional act was encompassed within § 71-3-3(b)'s definition of compensable injury.  The Court's inquiry into whether a willful injury was within the coverage of the Act, recognized that the statute required such an injury to be caused by [1] a willful act [2] of a third person [3] directed against an employee [4] because of his employment [5] while so employed and working on the job.  *See, id*. at 370-71.   Relevant to the present case, the Court concluded that a "third person" includes a co-worker who is not acting in the course and scope of his employment and in furtherance of the employer's business.  *Id*. at 371, ("While the term "third person" is not defined by this Code section, we interpret it to mean either a stranger to the employer-employee relationship or fellow employee acting outside the scope and course of his employment.").

In the present case, the plaintiff effectively admits that four of the five statutory

requirements to determine if the injury is compensable under the Act and for the imposition of the exclusivity bar are present.  He only effectively contests that the injuries allegedly visited upon him were inflicted by a "third person," i.e., a co-employee acting outside the course and scope of his employment.  Indeed, he asserts that the injuries he allegedly suffered were caused in the course and scope of his employment by his supervisor and unnamed others (including non-employees) as a means of creating "camaraderie" among the workforce.  In a somewhat conclusory manner, he also asserts that these alleged actions by his supervisor and other co-employees were made known to upper management and that they ratified the improper conduct either explicitly or implicitly  through inaction.  He also makes a weak argument that his injuries are not the kind generally compensable under the MWCA.

As to the plaintiff's claim of ratification or imputed knowledge to management, the plaintiff has now dismissed his claims against the only named individual defendant, his supervisor, with prejudice in response to a separate summary judgment motion filed by him.  The plaintiff does not make any direct allegations of injury at the hands of any other specific individual nor does he name any supervisor that he allegedly reported the improper conduct to.  Further, he has provided no proof of any knowledge by any upper management personnel of his alleged claims of abuse at the hands of co-employees, or that he reported such.  Thus, this claim fails.

The plaintiff's next argument is that his injuries are not the type generally compensable under the MWCA.  A cursory examination of the plaintiff's claims and the Act leads the court to the inescapable conclusion that this argument is without merit.  A review of the Amended Complaint shows that as a result of the alleged untoward

conduct, the plaintiff claims to have suffered physical injuries, humiliation, shame, severer emotional distress, lost wages, medical expenses and loss of enjoyment of life. Physical injuries received on the job and the resulting damages therefrom are unquestionably covered under the Act and the plaintiff does not argue otherwise. However, emotional and mental injuries suffered while at work have also long been held compensable under the MWCA, regardless of the plaintiff's contrary argument.  *See Fought v. Stuart C. Irby Co*., 423 So.2d 314 (Miss. 1988); and *Bailey v. Lockheed Martin Corp., et al*, 432 F.Supp2d 665 (S.D. Miss. 2005).

Finally, the only substantive argument advanced by the plaintiff is that his co-employees were acting in the course and scope of their employment at the time of the alleged infliction of the alleged injuries on him and, thus, not "third persons" as set forth in the Act and defined by case law.  While, this is a valid argument, it is made without supporting proof in this case.

Physical assaults by a co-worker are generally considered as conduct outside the course and scope of one's employment responsibilities.  "The Mississippi Supreme Court defines actions taken in the 'course and scope' of employment with respect to *respondeat superior* tort liability as acts 'committed in the course of and as a means to accomplishing the purposes of the employment and therefore in furtherance of the master's business ... [or] tortious acts incidental to the authorized conduct.'"  *Tanks v. Lockheed Martin Corp*. 417 F.3d 456, 464 (5th Cir. 2005)(quoting *Adams v. Cinemark U.S.A., Inc*., 831 So.2d 1156, 1159 (Miss.2002)).  As the Fifth Circuit went on to state, in *Tanks*, "An employee's unauthorized acts may yet be within the course and scope of

-10-

employment if they are of the 'same general nature as the conduct authorized or incidental to that conduct.'" *Id.* "An intentional violent assault on a co-worker is quite obviously neither committed as a means of accomplishing the purposes of the employment nor of the same general nature as authorized conduct." *Id.*

As the court has already stated, the plaintiff has made the argument that the alleged intentional assaults on him were "committed as a means of accomplishing the purposes of the employment" to promote "camaraderie."   However, the plaintiff has supplied nothing but anecdotal and conclusory allegations of such intentions and behavior in the face of a properly presented summary judgment motion.  The plaintiff may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The plaintiff's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

The plaintiff has not shown that the alleged improper conduct on the part of his co-employees was within the course and scope of their employment or that such conduct advanced the interests of his employer.  Further, the plaintiff has specifically alleged that persons not in the employ of his employer participated in the alleged improper conduct leading to his alleged injuries, thus clearly involving "third persons" as defined in the MWCA.

Based on the foregoing, the court finds that the allegations and proof, as presented, show that the plaintiff's co-employees were acting outside the course and scope of their employment if they participated in the alleged intentional assaults on the

plaintiff.  This alleged conduct would make them "third persons" within the meaning of the Act thus creating liability thereunder for any injuries suffered by the plaintiff, as alleged in his Amended Complaint.  Further, the plaintiff's allegations that non employees also participated in the alleged assaults fortifies the conclusion that the injuries alleged by the plaintiff are compensable under the MWCA.  The court therefore finds that there is no genuine issue of fact for trial.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings or for Summary Judgment **[#11]** filed on behalf of the defendant is granted and the plaintiff's complaint is dismissed with prejudice and that all other pending motions are denied as moot.  A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 8th day of May, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE